IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | CRIMINAL NO. 15-0004-CG |
| ) | |
| **SANJUAN MARTEZ TRICKSEY** ) | |
| ) | |

### ORDER

This matter is before the Court on Defendant's motion to dismiss (Doc. 100) and the Government's response (Doc. 102).  For the reasons explained below, the Court finds that the motion is due to be denied.

On January 29, 2015, a Grand Jury indicted Defendant, Sanjuan Martez Tricksey, on two counts of a twenty-two count criminal indictment. (Doc. 1). Count Nineteen charges that, on or about May 16. 2013, Defendant violated 21 U.S.C. § 841(a)(1) by knowingly possessing with intent to distribute a mixture and substance containing a detectable amount of [1-(5-fluoro-pentyl)-1H-indol-3-yI](2233-tetramethylcyclopropyl) methanone (5-fluoro-UR-144, XLRI l), commonly known as XLR-11, a Schedule I controlled substance. (Doc. 1, pp. 10 – 11). Count Twenty-Two charges that, on or about May 20, 2013, Defendant again violated 21 U.S.C. § 841(a)(1) by knowingly possessing with intent to distribute a mixture and substance containing a detectable amount of [1-(5-fluoro-pentyl)-1H-indol-3-yI](2233-tetramethylcyclopropyl) methanone (5-fluoro-UR-144, XLR11), commonly

1

known as XLR-11, a Schedule I controlled substance. (Doc. 1, pp. 12).

Defendant asserts that both counts Nineteen and Twenty-Two should be dismissed because (1) the pre-indictment delay constituted a due process violation and allowed the Government to gain a tactical advantage; and (2) the post-indictment delay violated Defendant's right to a speedy trial as guaranteed by the Sixth Amendment to the Constitution and required by the Speedy Trial Act, 18 U.S.C. §§ 3161 – 3174. (Doc. 100).

### A. Pre-Indictment Delay

To succeed on a motion to dismiss based on pre-indictment/pre-arrest delay, a defendant must show that the delay was "(1) the product of a deliberate act by the government to gain a tactical advantage, and (2) caused the defendant actual, substantial prejudice." United States v. Suarez, 215 F. App'x 872, 878 (11th Cir. 2007) (citing United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971)). Here, the Court needs to go no further than the first prong. Defendant vaguely suggests that he is somehow prejudiced by the 18-month delay between the alleged act and the indictment. (Doc. 100). However, this allegation contains no evidence to indicate "bad faith" on behalf of the Government or that the delay is a deliberate act to gain a "tactical advantage" by the Government. See United States v. Foxman, 87 F.3d 1220, 1222 – 23 & n.2 (11th Cir. 1996). Therefore, the Court denies Defendant's motion to dismiss on this ground.

**B. Post-Indictment Delay**

In support of his post-indictment delay argument, Defendant claims that the time period between his indictment, on January 29, 2015; his arrest, on June 6, 2015; and his trial scheduled for August 2015 constitutes an unreasonable delay and prejudices the Defendant. Specifically, Defendant argues that delaying his arrest prejudiced him from contacting witnesses, timely preparing his defense and evaluating the likely outcome of his trial. In response to these contentions, the Government submits that Defendant's allegations are not brought under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, because Defendant's case is set for trial within seventy days from the date on which he made his first court appearance. Here, the Court agrees with the Government.   There has been no statutory speedy trial violation.

As for the Consitutional speedy trial right,  the Supreme Court in Barker v. Wingo set forth a four-factor "criteria by which the speedy trial right is to be judged." 407 U.S. 514, 516, 92 S.Ct. 2182, 2185, 33 L.Ed.2d 101 (2007). Those are factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial and (4) prejudice to the defendant. Id. The Court must make an inquiry into the first three factors and determine the weight to be given each. United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). If those three factors weigh heavily against the government, then the defendant need not show actual prejudice to succeed on his motion. Id.

For a speedy trial analysis, the initial question is whether the length of delay crosses the threshold from being an ordinary delay to a "presumptively prejudicial delay." Doggett v. United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91, 120 L.Ed.2d 520 (1992) (citing Barker, 407 U.S. at 530-31, 92 S.Ct. at 2192). If the delay is not sufficiently lengthy, then no further inquiry is made. Ingram, 446 F.3d at 1336. Generally, a delay of one year is sufficient to trigger a speedy trial inquiry. See Doggett, 505 U.S. at 652, 112 S.Ct. at 2691. If the threshold inquiry is satisfied, then the court may move on to the second and third factors. Ingram, 446 F.3d at 1336. If these three factors all "weigh heavily against the Government, the defendant need not show actual prejudice (the fourth factor) to succeed in showing a violation of his right to a speedy trial." Id. (citing Doggett, 505 U.S. 647).

In this case, the Grand Jury returned the Defendant's indictment on January 29, 2015. Defendant, who was arrested June 6, 2015, is scheduled for jury selection on August 3, 2015. This time frame of slightly more than six months is not sufficient to trigger the application of the other factors. Therefore, the Court denies Defendant's motion to dismiss on this ground.

## CONCLUSION

Defendant's motion to dismiss (Doc. 100) is hereby **DENIED**.

**DONE and ORDERED** this 8th day of July, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

4